**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JO ANN LUCILLE HARTL,<br><br>     Debtor. | Case No. 19-12598 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

**CHAPTER 7 TRUSTEE'S VERIFIED LIMITED**
**OBJECTION TO DEBTOR'S EXEMPTIONS AND SCHEDULES**

TO: THE HONORABLE MICHAEL B. KAPLAN,
   UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estate of Jo Ann Lucille Hartl, the chapter 7 debtor (the "Debtor"), by and through his counsel McDonnell Crowley, LLC, hereby submits this verified limited objection (the "Objection"), to the certain claimed exemptions of the Debtor, pursuant to sections 105 and 522 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Based upon information and belief, and in support of the Objection, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105 and 522 of the Bankruptcy Code and Bankruptcy Rule 4003

**PRELIMINARY STATEMENT**

3. The *pro se* Debtor here claims certain excessive exemptions. Specifically, the Debtor appears to have improperly claimed the entire value of certain real property as exempt under section 522(d)(1) of the Bankruptcy Code- or the homestead exemption.

4. The only asset listed by the Debtor on Schedule "A" of the Petition (defined below) is a joint ownership interest in certain real property at 801 Ocean Road, Pt. Pleasant, New Jersey 08742 (the "Point Pleasant Property"). *See* Docket No. 1.

5. The Debtor claimed the Point Pleasant Property is worth $360,000 with her claimed interest in the property worth $119,507.74. It is unclear how these amounts were determined by the Debtor as to the Point Pleasant Property, which appears to be a jointly owned property with her non-debtor spouse.

6. On Schedule "C" of the Petition the Debtor only claims one exemption. However, the Debtor claims the entire disclosed value of the Debtor's/estate's interest in the Point Pleasant Property (or $119,507.74) as exempt. With the Debtor claiming an exemption of almost $120,000 in the Point Pleasant Property – the amount by far exceeds the allowed exemption amount under section 522 (d)(1) of the Bankruptcy Code by approximately $96,000. Such an improper exemption would wipe out almost all equity of the estate in the Point Pleasant Property.

7. The Trustee respectfully requests any exemption as to the Point Pleasant Property be fixed to the applicable statutory amount under section 522 (d) (1) of the Bankruptcy Code (*i.e.*, $23,675).

## BACKGROUND

**Procedural Background**

8. On February 7, 2019, the *pro se* Debtor filed her voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1.

9. On February 8, 2019, John M. McDonnell was appointed as the chapter 7 trustee for the Debtor's estate, has duly qualified, and is acting in that capacity. *See* Docket No. 7.

10. The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on March 15, 2019. *See* Docket generally.

**The Debtor's Disputed Exemptions**

**The Disputed Homestead Exemptions Under Section 522(d)(1)**

11. On the Debtor's Schedule "A" to the Petition, the Debtor lists an ownership interest in certain real property or the Point Pleasant Property. *See* Docket No. 1.

12. Based upon information and belief, the Point Pleasant Property is jointly owned with the Debtor's spouse.

13. Based information and belief, the Trustee has retained a realtor to market and sell the Point Pleasant Property with a possible value the property around $400,000. *See* Docket    No. 26.

14. The Debtor claims an improper exemption, pursuant to section 522(d)(1) of the Bankruptcy Code.

15. On Schedule "C" of the Petition, the Debtor seeks to claim the Point Pleasant Property as exempt, pursuant to section 522(d)(1) of the Bankruptcy Code, in the amount of $119,507.74 (the "Disputed Homestead Exemption"). *See* Docket No. 1.

3

16. Based upon information and belief, the Disputed Homestead Exemption should be disallowed and reduced to the applicable statutory amount of $23,675.

## **RELIEF REQUESTED AND BASIS THEREFORE**[1]

17. The Trustee hereby objects to the exemption claimed by the Debtor in accordance with Bankruptcy Rule 4003 and sections 105 and 522 of the Bankruptcy Code, and requests that this Court reduce the Disputed Homestead Exemption to an amount not to exceed the respective statutory amount allowed under section 522(d)(1) of the Bankruptcy Code.

18. Bankruptcy Rule 4003(b)(1) provides in relevant part that:

> . . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

*See* Fed. R. Bankr. P. 4003(b)(1). Here, the Objection is timely filed within the time period set forth by the Bankruptcy Rules.

**I.    This Court Should Reduce the Disputed Homestead Exemption under Section 522(d)(1) of the Bankruptcy Code because to claimed exemption exceeds the Statutory Limits**

19. The Disputed Homestead Exemption should be reduced, as the property sought to be exempt as to the Point Pleasant Property exceeds the applicable statutory limits under section 522(d)(1) of the Bankruptcy Code.

20. Section 522(d)(1) of the Bankruptcy Code provides in pertinent part: "[t]he following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate

---

[1] The Trustee hereby expressly reserves the right to file a subsequent motion objecting to the Debtor's exemptions, discharge, and/or amend/supplement this Objection.

interest, not to exceed $23,675 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." *See* 11 U.S.C. § 522(d)(1).

21. In this case, with the Disputed Homestead Exemption, on Schedule "C" of the Debtor's Petition, the Debtor claims approximately $120,000 in an exemption as the Point Pleasant Property – far more than the maximum amount of $23,675 allowed under section 522(d)(1) of the Bankruptcy Code.

22. Therefore, this Court should reduce the Disputed Homestead Exemption as claimed by the Debtor under section 522(d)(1) of the Bankruptcy Code to no more than the applicable statutory limits of $23,675.

## II. Pursuant to Section 105 of the Bankruptcy Code the Equities Weigh in Favor of the Relief Sought by the Trustee

23. Moreover, the relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings. *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003); *Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Carlton*, 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987) (Duberstein, Former Ch. J.). Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

24. As courts commonly acknowledge, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> "[Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section]

> 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . ."

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994).

25. In the case *sub judice*, the Debtor improperly claims more than is allowed under in a homestead exemption as to the Point Pleasant Property under section 522(d)(1) of the Bankruptcy Code. To allow the improper exemption would depress almost all of the of estate equity in the only known asset of the estate in the form of the Point Pleasant Property.

26. The Trustee respectfully requests the relief sought herein for the benefit of the estate's creditors so the Debtor does not exceed the proper exemption amounts under applicable sections 522(d) of the Bankruptcy Code.

## NOTICE

27. Notice of this Objection has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel for Debtor; (3) the Debtor; and (4) all parties that timely have requested notice in this case. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

28. No previous motion for the relief sought herein has been made to this or to any other court.

\

## WAIVER OF BRIEF

29. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court reduce the Disputed Homestead Exemption as to the Point Pleasant Property to no more than the maxim statutory amount of $23,675 under section 522(d)(1) of the Bankruptcy Code; and that this Court grant such other and further relief as it deems just, proper, and equitable.

Respectfully submitted,

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*


By: */s/ Brian T. Crowley*_____
    BRIAN T. CROWLEY

Dated: April 13, 2019

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, JOHN M. McDONNELL, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

*/s/ John M. McDonnell*
JOHN M. McDONNELL, Chapter 7 Trustee

Dated: April 13, 2019